UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEELMAN-SOTO PRODUCTIONS,            CIVIL ACTION
LLC, ET AL.

VERSUS            NO: 14-1953

FORESHADOW PHOTOGRAPHY, LLC,            SECTION: "A" (5)
ET AL.

**ORDER AND REASONS**

Before the Court is a **Motion to Set Aside Entry of Default (Rec. Doc. 18)** filed by defendant Merrill Capps. Plaintiffs oppose the motion. The motion, set for hearing on January 28, 2015, is before the Court on the briefs without oral argument.

On December 29, 2014, Plaintiffs moved for entry of default against defendants Merrill Capps and Foreshadow Photography, LLC (Rec. Doc. 15). On December 30, 2014, the Clerk entered default against the defendants. (Rec. Doc. 16). On December 31, 2014, defendant Capps answered the complaint.[1] (Rec. Doc. 17).

Capps now moves to have the entry of default set aside citing a good faith error in failing to properly file an answer in this Court after the present litigation was removed from state court. Capps states that he did not receive any notice about the

---

[1] Capps, at the time proceeding *pro se*, also attempted to answer on behalf of his company, defendant Foreshadow Photography, LLC. However, he was informed that a company must be represented by a licensed attorney to appear in federal court. *See, e.g.*, *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citations omitted). Counsel for defendant Foreshadow Photography, LLC was enrolled on January 28, 2015 but has not yet filed an answer on behalf of the company. (Rec. Doc. 25).

1

proceedings in this case after removal. He claims that a phone call from counsel for defendant Todd Klick on December 29, 2014, after Plaintiffs moved for an entry of default, was his first indication that further action was required from him.

Rule 55(a) mandates entry of default where a party fails to plead or otherwise defend a suit as provided in the Rules. Fed. R. Civ. P. 55(a). Rule 55(c) provides that for good cause shown the court may set aside an entry of default. Fed. R. Civ. P. 55(c). "Good cause" is to be interpreted liberally. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citing *Amberg v. Federal Dep. Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)). The court looks to a variety of factors when determining whether good cause exists including whether the failure to act was willful and whether the party acted expeditiously to correct the default. *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). The Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). The decision to grant or deny a motion to set aside a default rests within the sound discretion of the trial court. *See Ice Co. Prod. WLL v. C & R Refrig., Inc.*, No. 05-003, 2005 WL 1799517, *1 (E.D. Tex. July 26, 2005).

Capps has moved expeditiously to set aside the entry of default, and he answered the complaint the day after the entry of

default. The docket sheet reveals that very little has taken place in this litigation except with regard to the instant default. Given the Fifth Circuit's policy in favor of resolving cases on their merits, the Court in its discretion will vacate the entry of default as to defendant Merrill Capps.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Set Aside Entry of Default (Rec. Doc. 18)** filed by defendant Merrill Capps is **GRANTED**. The entry of default as to defendant Merrill Capps is **VACATED**.[2]

February 10, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that counsel has not yet moved to set aside the entry of default against defendant Foreshadow Photography, LLC. Therefore, the Court does not address the entry of default against that defendant at this time.