UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEELMAN-SOTO PRODUCTIONS,                    CIVIL ACTION
LLC AND ERIK BEELMAN


VERSUS                                       NO: 14-1953


FORESHADOW PHOTOGRAPHY, LLC;                 SECTION: "A" (5)
MERRILL CAPPS; AND TODD
KLICK

## ORDER AND REASONS

Before the Court is a **Rule 12(b)(1) Motion to Dismiss for
Lack of Subject Matter Jurisdiction (Rec. Doc. 28)** filed by
defendants Foreshadow Photography, LLC and Merrill Capps and a
**Motion to Remand (Rec. Doc. 32)** filed by plaintiffs, Beelman-Soto
Productions, LLC and Erik Beelman (collectively "Plaintiffs").
Plaintiffs partially oppose the motion to dismiss.(Rec. Doc. 30).
The motions, set for submission on February 25, 2015 and March,
11, 2015, respectively, are before the Court on the briefs
without oral argument. For the reasons that follow, the Motion to
Dismiss is **DENIED** and the Motion to Remand is **GRANTED**.

## I. Background

On June 6, 2014 Plaintiffs filed suit for breach of contract
against defendants Foreshadow Photography, LLC, Merrill Capps,
and Todd Klick in Civil District Court for the Parish of Orleans,
State of Louisiana. Defendant Todd Klick removed the case to
federal court on the basis of diversity jurisdiction pursuant to

28 U.S.C. §1332. Defendants Foreshadow Photography and Merrill Capps subsequently filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendants maintain that at the time of filing, defendant Merrill Capps was actually a citizen of Louisiana. Defendants claim that due to lack of diversity, this Court does not have subject matter jurisdiction over the case. Plaintiffs do not argue that diversity does not exist. Plaintiffs assert, however, that instead of dismissal, the case should be remanded to state court for improper removal under 28 U.S.C. § 1447(c). Accordingly, Plaintiffs filed a Motion to Remand.

## II. <u>DISCUSSION</u>

Under 28 U.S.C. § 1441(a), a party may remove a case originating in state court to federal court so long as the federal district court has original jurisdiction over the case. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2004). To remove a case from state to federal court based on diversity, the prerequisites of diversity jurisdiction as stated in 28 U.S.C § 1332 must be demonstrated. *Id.* Diversity jurisdiction is satisfied when the amount of money in controversy exceeds $75,000 and the controversy involves citizens of different states. 28 U.S.C. § 1332.

Generally, "diversity is determined at the commencement of the law suit...." *Carlton v. Baww, Inc.,* 751 F.2d 781, 785 (5th Cir. 1985). The parties now agree that diversity does not exist because Merrill Caps is now, and was at the time of filing, a

citizen of Louisiana.[1]

Addressing cases removed from state court, Title 28 U.S.C. 1447 (c) states, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447; *See Caterpillar Inc. V. Lewis,* 519 U.S. 61, 69 (1996); *Camsoft Data Sys., Inc., v. S. Elec. Supply, Inc.,* 756 F.3d 327, 333 (5th Cir. 2014). Under the federal rules and clear precedent of this Circuit, this matter must be remanded to state court.

Furthermore, the Court notes that the Motion to Set Aside Default by Foreshadow Photography is still pending. A default judgment against a party may not be entered by a court when it lacks subject matter jurisdiction. Therefore, the prior entry of default is void.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction(Rec. Doc. 28)** filed by defendants Foreshadow Photography, LLC and Merrill Capps is **DENIED**, and the **Motion to Remand (Rec. Doc. 32)** filed by Plaintiffs is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Set Aside Default (Rec. Doc. 33)** by Foreshadow Photography is **GRANTED** insofar as the entry of default is **VACATED** due to lack of subject matter

---

[1]Defendants were proceeding *pro se* until the enrollment of counsel on January 28, 2015.

jurisdiction.

March 16, 2015

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE